[Cite as *State v. Morehead*, 2023-Ohio-1314.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 22CA0021-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| WESLEY J. MOREHEAD | COUNTY OF MEDINA, OHIO |
| | CASE No. 21CR0681 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: April 24, 2023

CARR, Judge.

{¶1} Appellant, Wesley Morehead, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter arises out of an incident that occurred at Morehead's Medina home on the afternoon January 3, 2021. When the house of Morehead's neighbor caught fire, police evacuated two other houses that were in close proximity, one of which was Morehead's. Upon entering Morehead's house, police discovered a marijuana growing operation in the basement. Morehead was subsequently charged with one count of illegal cultivation of marijuana as well as an attendant forfeiture specification pertaining to a gun found in his home.

{¶3} Morehead filed a motion to suppress on the basis that police violated his Fourth Amendment rights when they entered his home. After holding a suppression hearing, the trial court issued an order denying the motion. Morehead subsequently entered a plea of no contest and

the trial court found him guilty. The trial court ordered a presentence investigation report. Thereafter, the trial court imposed a three-year community control sanction and ordered Morehead to forfeit the gun in question.

{¶4} On appeal, Morehead raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION TO SUPPRESS EVIDENCE.

{¶5} In his sole assignment of error, Morehead contends that the trial court erred in denying his motion to suppress. This Court disagrees.

{¶6} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

## Background

{¶7} As noted above, Morehead filed a motion to suppress on the basis that his constitutional rights were violated when police forcibly entered his home on the afternoon of January 3, 2021. After a suppression hearing, the trial court issued a journal entry denying

Morehead's motion. In support of this conclusion, the trial court set forth the following factual findings.

{¶8} On the afternoon of January 3, 2021, Sergeant Wagner and Officer Deeks of the Medina Police Department responded to a call that a house was on fire on Sugarhouse Lane. Sergeant Wagner's training involved evacuating houses in a fire situation. Officer Deeks had obtained a volunteer firefighter certificate approximately two years prior to the incident but the certificate had expired at the time of the incident.

{¶9} Upon arriving at the scene, Officer Deeks observed a substantial house fire at 1013 Sugarhouse Lane. Officer Deeks immediately assisted in the evacuating of the residents of that house. Thereafter, Officer Deeks began the process of evacuating the two houses that were located on each side of the house that was on fire. Officer Deeks and Sergeant Wagner gave testimony that it was standard procedure to evacuate the houses located on both sides of a burning house. The officers identified a number of dangers created by a house fire. In addition to the concern of the fire spreading, there are also a number of scenarios where a fire can cause explosions. Another concern is that the smoke created by the fire can travel through the air and cause problems with smoke inhalation for neighbors.

{¶10} After making sure that no people remained in the burning house, Officer Deeks went to the house located at 1005 Sugarhouse Lane and found that its occupants had gathered in the driveway along with the occupants of the burning house. Officer Deeks told the occupants of both houses to exit the driveway and walk to the street corner in order to avoid any dangers associated with the fire. Officer Deeks then walked to Morehead's house located at 1021 Sugarhouse Lane and pounded on the front door. Although no one answered the door, Officer Deeks noticed a pickup truck parked in the driveway. At that point, Officer Deeks returned to the

occupants of the other two houses and reemphasized the importance of walking to the street corner. Officer Deeks also repositioned his vehicle.

{¶11} Thereafter, Officer Deeks approached a neighbor and asked if he had a phone number for the occupant of 1021 Sugarhouse Lane.[1] The neighbor responded in the negative. Officer Deeks contacted dispatch to run the plates on the truck parked in the driveway in hopes of obtaining a phone number, but that effort was also unsuccessful. Officer Deeks again knocked on the front door. While no one answered the door, Officer Deeks noticed a pit bull inside the house. Officer Deeks proceeded to circle around the house to the back deck. When Officer Deeks peered inside, he heard a radio playing but he did not see anyone. As Officer Deeks returned to the front of the house, his body camera captured video of the house fire. The fire appeared to be expanding as much more smoke was coming from the house than before.

{¶12} After retrieving a dog snare, pry bar, and sledgehammer, Officer Deeks and Sergeant Wagner pried open the front door of Morehead's house. The officers yelled to see if anyone was in the residence. There was no answer. Multiple officers assisted in removing the dog from an upstairs bedroom. Officer Deeks and Sergeant Wagner then walked into the basement to look for people. The officers were concerned that there might be someone who was sleeping, hiding, or unconscious. The officers noticed that a portion of the basement was sectioned off with a black plastic sheet. The officers could hear the sound of a fan coming from the sectioned-off area and they noticed that the plastic sheet had a zipper. The officers unzipped the sheet to make sure that there were no people behind it. While they did not find anyone behind the sheet, they observed that the area was being used to grow marijuana. Based on these observations, the officers

---

[1] The neighbor resided in the house located immediately to the right of Morehead's house, meaning the neighbor's house was two houses away from the fire.

were able to obtain a search warrant to search the area where the marijuana was being grown. That search gave rise to the charges in this case.

{¶13}  In denying the motion to suppress, the trial court concluded that the emergency aid exception to the warrant requirement applied in this case. The trial court found that the dangers associated with the house fire constituted a set of circumstances that justified a reasonable belief on the part of the officers that entering the house was necessary in order to protect the people who lived there.

Discussion

{¶14}  Morehead's chief argument on appeal is the officers' decision to enter his home could not be reasonably justified by the existence of exigent circumstances or the need to render emergency aid. Morehead maintains that the evidence presented at the suppression hearing did not support the conclusion that the fire presented a threat to his house or that there was someone inside the home who required emergency aid.

{¶15}  The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures. The Ohio Constitution contains a similar provision. *See* Article I, Section 14, Ohio Constitution. "It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980). State courts are required to exclude evidence obtained in violation of this fundamental right. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

{¶16}  "There are a number of exceptions to the Fourth Amendment warrant requirement, including * * * the community-caretaking exception, which courts sometimes refer to as the "'emergency-aid exception'" or "'exigent-circumstance exception.'" *State v. Dunn*, 131 Ohio St.3d 325, 2012-Ohio-1008, ¶ 15. "The need to protect or preserve life or avoid serious injury is

justification for what would be otherwise illegal absent an exigency or emergency." *Dunn* at ¶ 18, quoting *Wayne v. United States*, 318 F.2d 205, 212 (D.C.Cir.1963). The emergency aid exception to the warrant requirement allows officers to enter a dwelling without a warrant and without probable cause when they reasonably believe, based on specific and articulable facts, that a person within is in need of immediate aid. *Mincey v. Arizona*, 437 U.S. 385, 392 (1978).

{¶17} To the extent Morehead contends that the trial court's factual findings regarding the dangers presented by the fire were not supported by competent, credible evidence, his argument is not well-taken. Morehead points to Officer Deeks' body camera footage as well as the officers' testimony at the suppression hearing in support of his contention that the "potential" dangers associated with house fires were not present in this case. Officer Deeks testified that upon responding to scene it became immediately apparent that the house fire was "substantial[.]" A review of Officer Deeks' body camera video shows that he arrived to a frenzied situation where the occupants of 1013 Sugarhouse Lane were making their way out of the burning house. The footage makes clear that the house fire was significant, and the smoke was beginning to emanate into the open air. The amount of smoke being released into the air increased considerably in a matter of minutes. The video footage further shows that the wind was pushing the smoke toward Morehead's house. By the time that the officers pried open the front door, smoke from the house fire could be seen in the air above Morehead's house. Accordingly, Morehead has failed to demonstrate on appeal that the trial court's findings were not supported by competent, credible evidence.

{¶18} Under these circumstances, where the State presented specific and articulable facts supporting the conclusion that entry into Morehead's house was warranted, the trial court did not err in concluding that the emergency aid exception to the warrant requirement was applicable in

this case. Based on the severity of the house fire, it was reasonable for the officers to ensure that the neighboring houses were evacuated. Although no one answered when Officer Deeks knocked on Morehead's door, there were a number of facts indicating that someone might be inside the house, including the radio playing and the truck parked in the driveway. Thus, it was reasonable for the officers to take measures to ensure that no one was inside. *See id.* It follows that the trial court did not err in determining that the emergency aid exception was applicable in this case.[2]

{¶19} Morehead's assignment of error is overruled.

III.

{¶20} Morehead's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

---

[2] Morehead further argues in his merit brief that the emergency aid exception as applied to animals was not applicable in this case. Because this Court has concluded that the officers had a reasonable basis to ensure that there were no people inside Morehead's home, we decline to address whether the emergency aid exception as applied to animals was applicable in this case.

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

HECTOR G. MARTINEZ, JR., Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.